IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| COMPASS BANK, AS SUCCESSOR IN INTEREST TO THE LAREDO NATIONAL BANK,<br>  Plaintiff,<br><br>v.<br><br>WALTER C. KELLER DISTRIBUTOR, INC. AND TOM YATES PETROLEUM CO., INC.,<br>Defendants<br><br><br><br>WALTER C. KELLER DISTRIBUTOR, INC. AND TOM YATES PETROLEUM CO., INC.,<br>  Third-Party Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION, FLAT ROCK LAND, L.L.C., BENJAMIN M. ALEXANDER, MAUREEN M. ALEXANDER, M.D., ROSALIND M. ALEXANDER, CENTRO LAREDO, LTD., GAIL A. DAVIS, GML CENTRO, LLC, JESSMAN PROPERTIES, LTD., LOUISE A. MANDEL F/K/A LOUISE WEINFELD, AS TRUSTEE FOR ALAN AND ADRIANNA WEINFELD, PHYLLIS A. TERRY, GREYHOUND LINES, INC., PETER RANDOLPH PROPERTIES, LLC, SLAUGHTER REALTY COMPANY, JOSEPH SLAUGHTER, III, AMERICANOS USA, LLC, RAUL PROPERTIES, LTD., VICTORIA INVESTMENT PROPERTIES, INC. ARCHANGELOS, INC., CITY OF LAREDO, RAMIRO RAMIREZ, III & IRMA RAMIREZ, H. E. BUTT GROCERY COMPANY and HEB GROCERY COMPANY, LP<br>  Third-Party Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5-08-CV-68 |

---

Cause No. 5-08-CV-68

**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

## DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED
## THIRD-PARTY COMPLAINT

NOW COME, WALTER C. KELLER DISTRIBUTOR, INC. and TOM YATES PETROLEUM CO., INC., Defendants/Third-Party Plaintiffs, and file this their First Amended Third-Party Complaint and would respectfully show the Court the following:

### JURISDICTION AND VENUE

1.     The action involves application of the citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §6901, et seq.  This Court has jurisdiction pursuant to 42 U.S.C. §6972 (RCRA grant of jurisdiction for citizen suits).  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367, et seq.

2.     Venue is proper in this federal district by virtue of 42 U.S.C. §6972(a), because the RCRA violation occurred within such district.

### PARTIES

3.     Plaintiff Compass Bank, (Bank) as successor in interest to The Laredo National Bank, is a bank organized under the laws of State of Alabama, and is authorized to transact business in the State of Texas, and has its principal place of business in Birmingham, Alabama.

4.     Defendant and Third-Party Plaintiff Walter C. Keller Distributor, Inc. is a domestic business corporation registered under the laws of the State of Texas, with its principal place of business in McAllen, Texas.

5.     Defendant and Third-Party Plaintiff, Tom Yates Petroleum Co., Inc. is a domestic business corporation in Laredo, Webb County, Texas.

6.     Third-Party Defendant, Exxon Mobil Corporation is a foreign corporation organized and existing under the laws of the State of New Jersey and is authorized to do business in Texas who has been served with process and answered herein.

7.     Third-Party Defendant, Flat Rock Land, L.L.C., a Domestic Limited Liability Company whose registered office is in Webb County, Texas and who has been served with process and answered herein.

8.     Third-Party Defendant, Benjamin M. Alexander, has been served with process and answered herein.

9.     Third-Party Defendant, Maureen M. Alexander, M.D., has been served with process and answered herein.

10.    Third-Party Defendant, Rosalind M. Alexander, has been served with process and answered herein.

11.    Third-Party Defendant, Centro Laredo, Ltd., is a Domestic Limited Partnership whose registered office is in Bexar County, Texas and who has been served with process and answered herein.

12.    Third-Party Defendant, Gail A. Davis has been served with process and answered herein.

13.    Third-Party Defendant, GML Centro, LLC, a Domestic Limited Liability Company whose registered office is in Webb County, Texas has been served with process and answered herein.

14.    Third-Party Defendant, Jessman Properties, Ltd., a Domestic Limited Partnership whose registered office is in Webb County, Texas has been served with process and answered herein.

15.    Third-Party Defendant, Louise A. Mandel f/k/a Louise Weinfeld, the Trustee for Alan and Adrianna Weinfeld has been served with process and answered herein.

16.    Third-Party Defendant, Phyllis A. Terry has been served with process and answered herein.

17.    Third-Party Defendant, Greyhound Lines, Inc., a foreign corporation organized and existing under the laws of the State of Delaware, authorized to do business in Texas has been served with process but has not yet answered herein pursuant to an agreed time extension.

18.    Third-Party Defendant, Peter Randolph Properties, LLC, a Domestic Limited Liability Company whose registered office is in Dallas County, Texas has been served with process but has not yet answered herein pursuant to an agreed time extension.

**Cause No. 5-08-CV-68**
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

19.     Third-Party Defendant, Slaughter Realty Company, a Texas Corporation whose registered office is 7737 Marquette Street, Dallas, Texas has been served with process but has not yet answered herein pursuant to an agreed time extension.

20.     Third-Party Defendant, Joseph H. Slaughter, III, has been served with process but has not yet answered herein pursuant to an agreed time extension.

21.     Third-Party Defendant, Americanos USA, LLC, a Foreign Limited Liability Corporation organized and existing under the laws of the State of Delaware, authorized to do business in Texas has been served with process but has not yet answered herein  pursuant to an agreed time extension.

22.     Third-Party Defendant, Raul Properties, Ltd., a Domestic Limited Partnership whose registered office is in Webb County, Texas has been served with process and answered herein.

23.     Third-Party Defendant, Victoria Investment Properties, Inc., a Texas Corporation whose registered office is 809 Victoria, Laredo, Texas has been served with process and answered herein.

24.     Third-Party Defendant, Archangelos, Inc., a Texas Corporation whose registered office is 901 Victoria St. Suite B, Laredo, Texas has been served with process but has not yet answered herein pursuant to an agreed time extension.

25.     Third-Party Defendant, City of Laredo, a City located in Webb County, Texas has been served with process but has not yet answered herein pursuant to an agreed time extension.

26.     Third-Party Defendants, Ramiro Ramirez, III & Irma Ramirez, are individuals doing business in Webb County, Texas and who have been served with process and answered herein.

27.     Third-Party Defendant, H. E. Butt Grocery Company is a Texas Corporation whose registered office is 646 S. Main Avenue, San Antonio, Texas and has been served with process and answered herein.

**28.     Third-Party Defendant HEB GROCERY COMPANY, LP is a Domestic Limited Partnership whose registered office is Arsenal N/2, 646 S. Main, San Antonio, Texas  78204 and who may be served with process by serving its registered agent, Abel Martinez at 646 S. Main Avenue, San Antonio, Texas 78204.**

**Cause No. 5-08-CV-68**
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

### STATEMENT OF FACTS

29.    The Bank is the owner of property located in Laredo, Texas known as 700 San Bernardo Ave., Laredo, TX 78040 (the "Site"). The Defendants and Third-Party Plaintiffs are current or former owners, operators or entities in control of underground petroleum storage tanks and related systems on an adjacent property, originally known as Central Texaco, and now known as "Shell Tejano Mart," located at 901 Matamoras Street, Laredo, Texas (the "Tank Property").

30.'    The Bank has sued the Defendants alleging that the soil and groundwater at the Site and the Tank Property have been contaminated by gasoline leaking from underground petroleum storage tanks and related systems from the Tank Property.  Third-Party Plaintiffs now allege that other properties currently or previously owned and/or leased by Third-Party Defendants have also historically dispensed gasoline and diesel hydrocarbon products, have caused and/or contributed to the Bank's alleged damages, including but not limited to the contamination of the soil and groundwater of the Site Property and Tank Property and that such gasoline and diesel constitute a "Solid Waste" for the purposes of RCRA's citizen suit provisions, 42 U.S.C. §6972(a)(l)(B). *Agricultural Excess & Surplus Insurance v. A.B.D. Tank & Pump,* 878 F. Supp. 1091, 1097 (N.D. Ill. 1995): *Zands v. Nelson,* 797 F. Supp. 805, 809 (S.D. Cal. 1992).

31.    More specifically, Third-Party Plaintiffs allege that the following subject area properties currently or previously owned and/or leased by the Third Party Defendants have caused and/or contributed to the Bank's alleged damages:

    a.    Exxon Mobile Corporation – Block 72, West ½ of Lot 9 and all of Lot 10, also known as 819 Matamoras, Laredo, Texas;

    b.    Flat Rock Land, LLC –Block 72, West ½ of Lot 9 and all of Lot 10, also known as 819 Matamoras, Laredo, Texas;

**Cause No. 5-08-CV-68**
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

c.   Benjamin M. Alexander – Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

d.   Maureen M. Alexander, M.D. - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

e.   Rosalind M. Alexander - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

f.   Centro Laredo, Ltd. - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

g.   Gail A. Davis - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

h.   GML Centro, LLC - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

i.   Jessman Properties, Ltd. - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

j.   Louise A. Mandel f/k/a Louise Weinfeld, as Trustee for Alan and Adrianna Weinfeld - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

k.   Phyllis A. Terry - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

l.   Greyhound Lines, Inc. – Block 113, Lots 1 & 2, also known as 801 San Bernardo, Laredo, Texas;

m.   Peter Randolph Properties, LLC - Block 113, Lots 1 & 2, also known as 801 San Bernardo, Laredo, Texas;

n.   Slaughter Realty Company - Block 113, Lots 1 & 2, also known as 801 San Bernardo, Laredo, Texas;

o.   Joseph H. Slaughter, III - Block 113, Lots 1 & 2, also known as 801 San Bernardo, Laredo, Texas;

p.   Americanos USA, LLC – Block 113, Lot 10, also known as 819 San Bernardo, Laredo, Texas;

q.   Raul Properties, Ltd. – Block 120, Lot 1, also known as 901 San Bernardo, Laredo, Texas;

r.   Victoria Investment Properties, Inc. – Block 120, Lot 10, also known as 919 Victoria or 919 San Bernardo, Laredo, Texas;

s.   Archangelos, Inc. – Block 121, Lots 6 & 7, also known as 903 Victoria or 918 San Bernardo, Laredo, Texas;

t.   City of Laredo – Block 116, Lot 7, also known as 905 Houston, Laredo, Texas;

Cause No. 5-08-CV-68
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

u.     City of Laredo – Block 116, Lot 3, also known as 912 Matamoras, Laredo, Texas;

v.     Ramiro Ramirez III & Irma Ramirez - Block 116, Lots 1 & 2, also known as 920 Matamoras, Laredo, Texas

w.     H.E. Butt Grocery Company – Block 58, Lots 6 & 7, also known as 1001 Matamoras or 720 Farragut, Laredo, Texas.

x.     HEB Grocery Company, LP - Block 58, Lots 6 & 7, also known as 1001 Matamoras or 720 Farragut, Laredo, Texas.

32.     The Bank is a financial institution, and alleges there have been no underground or above-ground storage tanks on the Site.  The Bank further alleges that contamination by escaped petroleum-based solid waste ("Solid Waste") has resulted from the business operations at the Tank Property now or once owned and/or operated by the Defendants/Third-Party Plaintiffs and which is located north and adjacent to the Bank.  The Tank Property, formerly "Central Texaco" and now "Shell Tejano Mart", has active gasoline dispensers, underground petroleum storage tanks, underground lines, and other equipment or material making up an underground storage tank system.  At all times relevant to this suit, one or more of the Defendants/Third-Party Plaintiffs owned the gasoline in the underground storage tank system at the Tank Property.  The Bank alleges that intermittent and sporadic releases of Solid Waste have allegedly occurred from, and are associated with these tanks, dispensers, underground lines or underground storage tank system on the Tank Property, and have allegedly contaminated the soil and groundwater at the Site.  This Solid Waste was allegedly released at, on and under the Tank Property and allegedly migrated to contaminate the Site.

33.     The Bank alleges that ongoing releases of significant amounts of Solid Waste into the soil and groundwater, which is at a shallow depth, from the Tank Property into the surrounding area, including the Site, may present an imminent and substantial endangerment to both public health or the environment, because of the alleged migratory and toxic nature of such

Solid Waste, which contains numerous constituent materials of environmental concern, including but not limited to: benzene, toluene, ethyl benzene, xylenes, methyl terbutyl ether and total petroleum hydrocarbons. The Bank further alleges that the leaks from the Tank Property have been so substantial that gasoline is allegedly floating on the top of the groundwater, creating allegedly dangerous and hazardous vapors below ground. The Bank further alleges that the alleged threat posed by these explosive and toxic vapors will continue until such renegade Solid Waste and vapors have been removed from the Site and any future petroleum leaks from the Tank Property have been halted, and further migration of Solid Waste on the Site have ceased.

34.     On August 25, 2010 this Honorable Court signed an Agreed Order Granting Defendants' First Amended Unopposed Joint Motion For Leave to file the Third-Party Complaint.

35.     Third-Party Defendants are liable to Defendants/Third-Party Plaintiffs for all or part of Plaintiff's claim against these Defendants because these Third-Party Defendants currently or previously owned and/or leased surrounding nearby properties that have also contained underground petroleum storage tanks and related systems which dispense gasoline and diesel hydrocarbon products that have leaked, and have caused and/or contributed to cause the Bank's alleged contamination of the soil and underground water of the Site Property and Tank Property made the basis of this lawsuit. In this regard, Third-Party Plaintiffs seek contribution, or in the alternative, indemnity from Third-Party Defendants and Third-Party Defendants are liable to Defendants/Third-Party Plaintiffs for all or part of Plaintiff's claim against these Defendants/Third-Party Plaintiffs.

## NOTICE TO THIRD-PARTY DEFENDANTS OF SIMILAR VIOLATIONS

36.     The Third-Party Defendants herein were each formally advised, more than 90 days prior to the filing of this Third-Party Complaint, of their potential contribution to Plaintiff's

alleged damages, including but not limited to, the discharge of Solid Waste from their respective property into the general subject area in close proximity to both the Site and Tank properties, and potentially onto and beneath the Site and Tank properties, and consequent liability under the citizen suit provisions of RCRA. Said notices substantially complied with the notice requirements of 42 U.S.C. §6972(b)(2)(A). Such Notice was also given to The Environmental Protection Agency, The Texas Commission on Environmental Quality, and the Attorney General of Texas, in accordance with RCRA provisions.

## CLAIM FOR INJUNCTION UNDER RCRA

37.    Third-Party Defendants herein named and served are past or present owners and/or operators of a petroleum storage and dispensing facility, which Third-Party Plaintiffs allege has leaked and thereby contributed to, or is contributing to, Plaintiff's alleged damages, including a plume of Solid Waste into the subject area's soil and groundwater, which has generated vapors, all of which present an imminent and substantial endangerment to public and personal health, and/or the environment.

38.    By reason of the foregoing acts and/or omissions of the Third-Party Defendants in violation of RCRA, Defendants, now acting as Third-Party Plaintiffs, are entitled to an order halting Third-Party Defendants' contribution to said endangerment, and requiring Third-Party Defendants to immediately commence and complete, or alternatively contribute to, all necessary new or ongoing removal and remedial actions to remove the vapors; remove the gasoline and diesel plume floating on the subject area shallow ground water table, and remediate the variously affected public and private properties in the vicinity of the Site and Tank properties, so that all the various subject area properties are free of all regulatory action levels of Solid Wastes.

## PENDANT STATE LAW CLAIMS:  NEGLIGENCE

39.    Third-Party Plaintiffs reallege herein all factual allegations set forth above.

9

40.     One or more Third-Party Defendants released contaminants nearby, at, or into the subject area plume, Site, and/or Tank properties, without a public regulatory or private permit, license, or other authorization.   These contaminants pose a potential threat to health or the environment.   Third-Party Defendants' negligent acts and/or omissions, on Third-Party Plaintiffs' information and belief include, but are not limited to the following:

(a)     Failing to act reasonably and prudently to protect against contamination of the soil and/or groundwater in the immediate vicinity ("subject area") in close proximity to the Site and/or Tank properties;

(b)     Failing to ensure that its equipment and/or processes did not release contaminants in a manner that impacts the Site and/or Tank property, or any other public or private property in the subject area;

(c)     Failing to comply with all local and Texas regulations and statutes governing the handling, storage, placement, removal, and/or disposal of contaminants, including but not limited to local and Texas regulations regarding maintenance of financial responsibility;

(d)     Failing to timely, completely, appropriately, and correctly prevent, control, or correct the existence and/or escape of any contaminants;

(e)     Failing to properly dispose of contaminants as required by law and consequently causing injury to the Site, Tank Property, or other public or private property in the subject area;

(f)     Failing to select and properly supervise technically and financially capable persons or firms to store such dangerous, hazardous and toxic substances and wastes and to ensure that such persons or firms exercised reasonable care in the performance of their duties, given the dangerous propensities of these substances;

(g)     Failing to ensure that all such Third-Party Defendant related persons or agents appreciated and understood the need for such care and precautions;

(h)     Failing to select an adequate and appropriate lawful means of storage of the petroleum products;

(i)     Failing to take all reasonable and necessary precautions to ensure that said petroleum products could not, and did not, escape from the underground storage tank system(s);

(j)    Failing to notify appropriate local and Texas regulatory authorities and warn potentially affected members of the public, of the dangers and potential dangers associated with the storage, release, and/or disposal of said petroleum products;

(k)    Failing to take all possible and necessary actions to ensure that their hydrocarbon products were not placed, or stored, or left in a manner which created a danger or hazard to the environment or the health of members of the public; and

(1)    Third-Party Plaintiffs plead the doctrine of *res ipsa loquitur;* the existence and apparent release and/or disposal of contaminants in the control of one or more Third-Party Defendants and the subsequent damage to either the Site property, Tank property, or other public or private properties in the subject area, is proof of the breach of the duty of care of one or more Third-Party Defendants and proof of one or more Third-Party Defendants' negligence.

41.    On information and belief, Third-Party Defendants had, and continue to have, actual awareness of the existence of past storage and releases of petroleum products on their own currently or previously leased or owned property, caused by their own acts and/or omissions, and of the risk of serious harm to the neighboring environment and the public, including Plaintiff and Third-Party Plaintiffs, from the existing subject area hydrocarbon contamination.

42.    Each of the continuing duties identified above was breached and is being breached and totally disregarded by one or more of the Third-Party Defendants.  The actions of the Third-Party Defendants in this regard demonstrate a total disregard and entire want of care for the public and/or private property, health and welfare of others.  Third-Party Defendants' conduct and omissions fell, and continue to fall below the required standards of care owed to Plaintiff and Third-Party Plaintiffs, and others, and proximately caused, and continue to cause Plaintiff's and Third-Party Plaintiffs' ongoing damages.

## GROSS NEGLIGENCE

43.    Third-Party Plaintiffs repeat and reallege each allegation set forth above.

44.    As one or more Third-Party Defendants became aware of the extent of environmental contamination in the subject area, they knowingly failed, and continue to fail to

stop the contamination or migration of the contamination; failed and continue to fail to take any steps to remediate, or make contribution to the remediation of the contamination; are failing to stop any ongoing releases from any remaining underground tank systems on their property; and failed and continue to fail to even warn adjacent landowners of the ongoing environmental problem in the subject area. Such knowing failures constitute conscious indifference and reckless disregard of the rights, welfare, health, and safety of Plaintiff, Third-Party Plaintiffs, other adjacent public or private land owners, and the general public. Therefore, Third-Party Plaintiffs and others are entitled to an award of exemplary damages as maybe determined by the trier of fact.

## TRESPASS

45.    Third-Party Plaintiffs repeat and reallege each allegation set forth above.

46.    The contamination caused and perpetuated by Third-Party Defendants in the subject area constitutes an intentional, unprivileged, and ongoing trespass on Plaintiff's and Third-Party Plaintiffs' private properties. Such trespass by physical contamination has caused a serious diminution in value of the Plaintiff's and Third-Party Plaintiffs' properties. Both the resultant damage to Plaintiff and Third-Party Plaintiffs' properties, and the trespass itself, were reasonably foreseeable to Third-Party Defendants.

47.    The migratory hydrocarbon contamination caused by Third-Party Defendants constitutes a physical property trespass.

## NUISANCE

48.    Third-Party Plaintiffs repeat and reallege each allegation set forth above.

49.    Third-Party Defendants have created and are creating a public and/or private nuisance by environmentally contaminating the subject area real property of nearby public and/or private landowners, including the private properties of Plaintiff and Third-Party Plaintiffs. The

Cause No. 5-08-CV-68
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

contamination is an invasion of Plaintiff's and Third-Party Plaintiffs' respective interests in the private use and enjoyment of their respective private properties. Additionally, the acts and omissions of, and the conditions caused, and being caused by Third-Party Defendants, constitute an obstruction of public rights and have an injurious effect on the health, welfare, and comfort of the traveling public in the subject area.

50.     The acts and omissions of and the conditions caused by Third-Party Defendants constitute an ongoing public and/or private nuisance.

## NEGLIGENCE *PER SE*

51.     Third-Party Plaintiffs repeat and reallege each of the allegations set forth above.

52.     One or more Third-Party Defendants have violated, and are violating, the standard of conduct established by the Texas Water Code and regulations promulgated thereunder, in that the Third-Party Defendants' improper, unauthorized and/or illegal handling, storage and/or disposal of these dangerous, hazardous and/or toxic hydrocarbon substances and wastes have polluted the surface and/or ground waters of the State of Texas.

53.     One or more Third-Party Defendants have violated, and are violating, the long-standing standard of conduct established by the Texas Solid Waste Disposal Act, as amended, Texas Health and Safety Code, and regulations promulgated thereunder, by improperly storing and disposing of industrial waste, hazardous and/or toxic substances and other hydrocarbon wastes at their properties without a permit, or other legal authorization, and by storing and/or disposing of such waste in a manner which failed to protect the public health, welfare and the environment.

54.     One or more Third-Party Defendants have violated, and are violating, the standard of conduct established by the Texas Health and Safety Code, in that the Third-Party Defendants stored, deposited or disposed of, and/or continue to store, deposit or dispose of; waste products,

13

polluting material, spent chemicals or other hydrocarbon wastes in a manner causing pollution to surrounding public or private land, or contamination of the subject area public and/or private drinking well waters, to the extent of endangering the public health.

55.    The statutes cited above and the regulations promulgated thereunder were enacted for the protection of the public and in furtherance of public health, welfare and safety, and thereby imposed upon the Third-Party Defendants the duty to obey and comply with each provision, in addition to their common law duties.

56.    The actions, errors and omissions of the Third-Party Defendants as set forth above, were and continue to be violations of one or more of the Texas and local laws and regulations, and Third-Party Defendants, therefore, are negligent *per se*.  Plaintiff and Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Third-Party Defendants' past and continuing violations that constitute negligence *per se*.

57.    The damages sustained, and which continue to be sustained by Plaintiff and Third-Party Plaintiffs as a result of the Third-Party Defendants' acts and/or omissions in violation of the standard of conduct established by the aforementioned statutes and regulations, are the type of damages which such laws and regulations were intended to prevent.  Furthermore, Plaintiff and Third-Party Plaintiffs are thus within the class of persons the statutes and regulations were designed to protect.

58.    As a direct and proximate result of the foregoing acts and omissions of the Third-Party Defendants, which were and are prohibited by local, Texas and Federal laws, Plaintiff and Third-Party Plaintiffs have suffered, and will continue to suffer, actual damages.  The Third-Party Defendants' past and ongoing violations of the Texas laws as set forth above, and other Texas, Federal, and local laws and regulations, exhibited willful and wanton disregard, and entire

14

want of care, for the public health, welfare and the environment and the rights and property of others.

## **FRAUDULENT CONCEALMENT**

59.     Third-Party Plaintiffs repeat and reallege each allegation set forth above.

60.     Third-Party Defendants fraudulently concealed, and continue to conceal their knowledge of both the existence and extent of environmental contamination which they caused initially, and have caused thereafter.   Third-Party Defendants failed to notify regulatory authorities, Plaintiff and Third-Party Plaintiffs that separate releases of petroleum product had occurred.   Third-Party Defendants were required under the Texas Water Code Chapter 26 and the Texas Administrative Code, to notify regulatory authorities, Plaintiff and Third-Party Plaintiffs of hydrocarbon releases affecting their own and third-party properties, but have never done so.

61.     This concealment constitutes a material misrepresentation and concealment of past or existing damaging fact(s).   Third-Party Defendants concealed known facts with the fixed purpose of denying any or full knowledge to regulatory authorities, Plaintiff and Third-Party Plaintiffs.

62.     Plaintiff and Third-Party Plaintiffs are able to rely upon the reasonably anticipated good faith regulatory compliance actions of Third-Party Defendants, and have suffered and continue to suffer damages as a proximate cause of Third-Party Defendants' failure to honor and comply with those expectations and regulations.

63.     By reason of the foregoing, the Third-Party Defendants' conduct of actions, inactions and omissions warrants an award of exemplary damages as may be determined by the trier of fact.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Third-Party Plaintiffs hereby demand a federal jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Third-Party Plaintiffs, WALTER C. KELLER DISTRIBUTOR, INC. and TOM YATES PETROLEUM CO., INC., respectfully request that they be granted the following relief:

a.      In the unlikely event Plaintiff recovers against these Defendants/Third-Party Plaintiffs, then in that event, Defendants/Third-Party Plaintiffs have contribution and/or indemnity from Third-Party Defendants for their acts and omissions set forth above which caused or contributed to Plaintiff's alleged damages;

b.      An order enjoining Third-Party Defendants from any further dispensing, improperly storing, and/or improperly dispensing petroleum products at or in the vicinity of the Site and Tank properties, and from otherwise operating any petroleum storage tanks, underground lines, or dispensers located there, until the leakage of their petroleum and migration of Solid Waste therefrom has been demonstrably halted and remediated;

c.      An order requiring Third-Party Defendants to commence and complete, or alternatively contribute to, all necessary removal, remedial and contribution actions to abate the vapors, remove the leaked gasoline and/or diesel, and restore the subject area, the Site property to Plaintiff, and Tank property to Defendants, free from all regulatory action levels of Solid Waste petroleum based hydrocarbons released by Third-Party Defendants;

d.      For Third-Party Plaintiffs' attorney's fees and costs incurred in this suit, pursuant to 42 U.S.C §6972(e);

e.      Actual and compensatory damages;

f.      Exemplary damages; and

g.      All or a proportionate share of the historic and ongoing costs of petroleum hydrocarbon contaminated soil and groundwater remediation, assessment and monitoring; and for such further relief to which Third-Party Plaintiffs' are entitled to at law and in equity

**Cause No. 5-08-CV-68**
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

Respectfully submitted,

DAVIDSON & TROILO, P.C.

By: _____

Richard D. O'Neil
State Bar No.  15285700
Southern District of Texas Bar No. 924767
Attorney-in-Charge
J. Mark Craun
State Bar No. 05009800
Southern District of Texas Bar No. 2623

7550 W. IH-10, Suite 800
San Antonio, Texas  78229
Telephone:  (210) 349-6484
Facsimile:  (210) 349-0041
roneil@davidsontroilo.com
mcraun@davidsontroilo.com

**ATTORNEYS FOR DEFENDANT &
THIRD-PARTY PLAINTIFF, TOM
YATES PETROLEUM CO., INC.**

THE ALVAREZ LAW FIRM, P.C.

By: _____ w/permission for

Patricia Alvarez
State Bar No. 1128850
Southern District of Texas Bar No. 13473
The Alvarez Law Firm
415 Shiloh Drive, Suite A
Laredo, Texas 78045
Telephone:  (956) 722-6601 ext. 12
Fax:  (956) 722-1527
palvarez@thealvarezlawfirm.com

**ATTORNEYS FOR DEFENDANT &
THIRD-PARTY PLAINTIFF,
WALTER C. KELLER DISTRIBUTOR,
INC.**

18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be sent to the following counsel of record in the manner designated below on the ____ day of October, 2010.

Barry Snell
David C. "Clay" Snell
BAYNE, SNELL & KRAUSE
8626 Tesoro Dr., Suite 500
San Antonio, Texas 78217
Telephone: (210) 824-3278
Fax: (210) 824-3937
bsnell@bsklaw.com

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail/RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| _____ | E-mail |

**Attorneys for Third Party Defendant H. E. Butt Grocery Company and H.E.B. Grocery Company, LP**

Jason Davis
REID DAVIS LLP
P. O. Box 849
Austin, Texas 78767-0849
Telephone: (512) 647-6100 Main
Fax: (512) 367-5690
jdavis@davisgrouppc.com

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail,RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| _____ | E-mail |

**Attorneys for Plaintiff Compass Bank as Successor in Interest to The Laredo National Bank**

Ben A. Donnell
Post Office Box 2624
Corpus Christi, Texas 78403-2624
Telephone: (361) 866-8102
Fax: (361) 880-5618
bdonnell@dakpc.com

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail,RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| _____ | E-mail |

**Attorney for Third Party Defendant Exxon Mobil Corporation**

Ted Lee
GUNN, LEE & CAVE, P.C.
300 Convent, Suite 1080
San Antonio, Texas 78205
Telephone: (210) 886-9500
Fax: (210) 886-9883
tlee@gunn-lee.com

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail,RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| _____ | E-mail |

**Attorney for Third Party Defendant Flat Rock Land, L.L.C.**

**Cause No. 5-08-CV-68**
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

Mark A Huvard
Mills Higbie Harberg Huvard LLP
2100 W Loop S., Suite 1100
Houston, TX 77027
713-572-7000
Fax: 713-572-7010
huvard@mhhh.com
**Attorney for Third Party Defendants Benjamin M.**
**Alexander, Maureen M. Alexander, M.D., Rosalind**
**M. Alexander, Centro Laredo, Ltd., Gail A. Davis,**
**GML Centro, L.L.C., Jessman Properties, Ltd.,**
**Louise A. Mandel, f/k/a Louise Weinfeld as Trustee**
**for Alan and Adrianna Weinfeld and Phyllis A. Terry**

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail,RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| | E-mail |

John Claiborne Howell
Allen Stein Durbin PC
6243 IH 10 W, Ste 700
San Antonio, TX 78201
Telephone: (210) 734-7488
Fax: (210) 738-8036
jhowell@asdh.com
**Attorney for Third Party Defendant, Raul Properties,**
**Ltd.**

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail,RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| | E-mail |

Jose Luis Castillo
Law offices of Hernandez & Castillo, P.C.
809 Victoria, Suite 201
P. O. Box 6127
Laredo, TX 78042-6127
Telephone: (956) 712-4919
Fax: (956) 712-4136
jose.castillo@laredo-law.com
**Attorney for Third Party Defendant Victoria**
**Investment Properties, Inc.**

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail,RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| | E-mail |

Albert M Gutierrez , III
Gutierrez Wymer PC
718 Broadway
San Antonio, TX 78209
Telephone (210) 225-2299
Fax: (210) 225-2266
Email: agutierrez@gutierrezwymer.com
**Attorney for Third Party Defendants**
**Ramiro Ramirez, III & Irma Ramirez**

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail,RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| | E-mail |

Adan A. Gonzalez, III
Jones, Gonzalez & Maddox, An Association
5601 San Dario, Suite 5
Laredo, Texas  78041
Telephone:  956-723-5575
Fax:  956-723-2025
aag@jgmlawtx.com

**Attorney for Third Party Defendant**
**Archangelos, Inc.**

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail,RRR |
| _____ | Hand Delivery |
| _____ | Facsimile |
| _____ | E-mail |

20

**Cause No. 5-08-CV-68**
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1

Kristina K. Laurel Hale
Assistant City Attorney
1110 Houston                                    _____   Regular Mail
Laredo, Texas  78040                            _____   Certified Mail,RRR
Telephone (956) 791-7317                        _____   Hand Delivery
Fax (956) 791-7494                              _____   Facsimile
                                                _____   E-mail

**Attorney for Third Party Defendants**
**City of Laredo**

Mary W. Koks
Michael Harvey                                  _____   Regular Mail
Munsch Hardt Kopf & Harr, P.C.                  _____   Certified Mail,RRR
700 Louisiana, Suite 4600                       _____   Hand Delivery
Houston, Texas  77002                           _____   Facsimile
Telephone ((713) 222-4030                       _____   E-mail
Fax: (713) 2225830

**Attorneys for Third-Party Defendants**
**Greyhound Lines, Inc., Americanos USA, LLC,**
**Peter Randolph Properties, LLC, Slaughter**
**Realty Company and Joseph Slaughter, III**

**Cause No. 5-08-CV-68**
**DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST AMENDED THIRD-PARTY COMPLAINT**
205136v4; 5716/1