IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| COMPASS BANK, AS SUCCESSOR IN INTEREST TO THE LAREDO NATIONAL BANK,<br>      Plaintiff,<br><br>V.<br><br>WALTER C. KELLER DISTRIBUTION, INC. AND TOM YATES PETROLEUM CO., INC.<br>      Defendants.<br><br><br>WALTER C. KELLER DISTRIBUTION, INC. AND TOM YATES PETROLEUM CO., INC.<br>      Third-Party Plaintiffs,<br><br>V.<br><br>EXXON MOBIL CORPORATION ET AL<br>      Third Party Defendants.<br><br><br>HEB GROCERY COMPANY, LP<br>      Third-Party Defendant/<br>      Third-Party Plaintiff<br><br>V.<br><br><br>CHEVRON USA, INC., SUCCESSOR BY MERGER TO GULF OIL CORPORATION<br>      Third-Party Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO. 5-08-CV-68 |

## **HEB GROCERY COMPANY, LP'S THIRD-PARTY COMPLAINT AGAINST CHEVRON USA, INC., SUCCESSOR BY MERGER TO GULF OIL CORPORATION**

---

HEB GROCERY COMPANY, LP ("HEB"), Third-Party Defendant, now acting as Third-Party Plaintiff, files this Third-Party Complaint against Chevron USA, Inc., Successor by Merger to Gulf Oil Corporation, and respectfully shows as follows:

### Jurisdiction ,Venue and Parties

1. The action involves application of the citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §6901, et seq. Without acknowledging or stipulating that Plaintiff or Third-Party Plaintiff have asserted any federal claim for which relief can be granted, HEB alleges that jurisdiction was initially conferred by Plaintiff's and Third-Party Plaintiff's allegations that jurisdiction was proper pursuant to 42 U.S.C. §6972 (RCRA grant of jurisdiction for citizen suits). This Court has supplemental jurisdiction over the claims asserted in this Third-Party Complaint pursuant to 28 U.S.C. § 1367, et seq.

2. Venue is proper in this federal district by virtue of 42 U.S.C. §6972(a), because the alleged RCRA violations occurred within this district.

3. Plaintiff Compass Bank, (Bank) as successor in interest to The Laredo National Bank, is a bank organized under the laws of State of Alabama, and is authorized to transact business in the State of Texas, and has its principal place of business in Birmingham, Alabama.

4. Defendant and Third-Party Plaintiff Walter C. Keller Distributor, Inc. is a domestic business corporation registered under the laws of the State of Texas, with its principal place of business in McAllen, Texas.

5. Defendant and Third-Party Plaintiff, Tom Yates Petroleum Co., Inc. is a domestic business corporation in Laredo, Webb County, Texas.

6. Third-Party Defendant, Exxon Mobil Corporation is a foreign corporation organized and existing under the laws of the State of New Jersey and is authorized to do business in Texas. This defendant has been served and has entered an appearance in this action.

7. Third-Party Defendant, Flat Rock Land, L.L.C., a Domestic Limited Liability Company whose registered office is in Webb County, Texas. This defendant has been served and has entered an appearance in this action.

8. Third-Party Defendant, Benjamin M. Alexander, an individual, has been served and has entered an appearance in this action.

9. Third-Party Defendant, Maureen M. Alexander, M.D., an individual, has been served and has entered an appearance in this action.

10. Third-Party Defendant, Rosalind M. Alexander, an individual, has been served and has entered an appearance in this action.

11. Third-Party Defendant, Centro Laredo, Ltd., is a Domestic Limited Partnership that has forfeited its rights to do business in the State of Texas. This defendant has been served and has entered an appearance in this action.

12. Third-Party Defendant, Gail A. Davis, an individual, has been served and has entered an appearance in this action.

13. Third-Party Defendant, GML Centro, LLC is a Domestic Limited Liability Company whose registered office is in Webb County, Texas. This defendant has been served and has entered an appearance in this action.

14. Third-Party Defendant, Jessman Properties, Ltd. is a Domestic Limited Partnership whose registered office is in Webb County, Texas. This defendant has been served and has entered an appearance in this action.

15. Third-Party Defendant, Louise A. Mandel f/k/a Louise Weinfeld, the Trustee for Alan and Adrianna Weinfeld, has been served and has entered an appearance in this action.

16. Third-Party Defendant, Phyllis A. Terry, an individual, has been served and has entered an appearance in this action.

17. Third-Party Defendant, Greyhound Lines, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, authorized to do business in Texas. This defendant has been served, has entered an appearance, and has been dismissed from this lawsuit by Defendants/Third-Party Plaintiffs.

18. Third-Party Defendant, Peter Randolph Properties, LLC, is a Domestic Limited Liability Company whose registered office is in Dallas County, Texas. This defendant has been served, has entered an appearance, and has been dismissed from this lawsuit by Defendants/Third-Party Plaintiffs.

19. Third-Party Defendant, Slaughter Realty Company, is a Texas Corporation whose registered office is 7737 Marquette Street, Dallas, Texas. This defendant has been served, has entered an appearance, and has been dismissed from this lawsuit by Defendants/Third-Party Plaintiffs.

20. Third-Party Defendant, Joseph H. Slaughter, III, an individual, has been served, has entered an appearance, and has been dismissed from this lawsuit by Defendants/Third-Party Plaintiffs.

21. Third-Party Defendant, Americanos USA, LLC, is a Foreign Limited Liability Corporation organized and existing under the laws of the State of Delaware, authorized to do

business in Texas. This defendant has been served, has entered an appearance, and has been dismissed from this lawsuit by Defendants/Third-Party Plaintiffs.

22. Third-Party Defendant, Raul Properties, Ltd., is a Domestic Limited Partnership whose registered office is in Webb County, Texas. This defendant has been served and has entered an appearance in this action.

23. Third-Party Defendant, Victoria Investment Properties, Inc., is a Texas Corporation whose registered office is 809 Victoria, Laredo, Texas. This defendant has been served and has entered an appearance in this action.

24. Third-Party Defendant, Archangelos, Inc. is a Texas Corporation whose registered office is 901 Victoria St. Suite B, Laredo, Texas. This defendant has been served and has entered an appearance in this action.

25. Third-Party Defendant, City of Laredo, is a City located in Webb County, Texas. This defendant has been served and has entered an appearance in this action.

26. Third-Party Defendants, Ramiro Ramirez, III & Irma Ramirez, are individuals doing business in Webb County, Texas, have been served, and have entered an appearance in this action.

27. Third-Party Defendant, Chevron USA, Inc., Successor by Merger to Gulf Oil Corporation (hereinafter "Chevron"), is a Pennsylvania corporation that maintains its principal place of business in San Ramon, California. Chevron USA, Inc. is, upon present information and belief, the successor by merger to Gulf Oil Corporation, which actively conducted and transacted business within the State of Texas during times material to this lawsuit. Defendant Chevron USA, Inc. may be served with process by serving its registered agent for service in this state, Prentice-Hall Corp. System, 211 East 7th Street, Ste. 620, Austin, Texas 78701-3218.

## Statement of Facts

28. The Bank is the owner of property located in Laredo, Texas known as 700 San Bernardo Ave., Laredo, TX 78040 (the "Site"). The Defendants and Third-Party Plaintiffs are current or former owners, operators or entities in control of underground petroleum storage tanks and related systems on an adjacent property, originally known as Central Texaco, and now known as "Shell Tejano Mart," located at 901 Matamoras Street, Laredo, Texas (the "Tank Property").

29. The Bank sued the Defendants alleging that the soil and groundwater at the Site and the Tank Property have been contaminated by gasoline leaking from underground petroleum storage tanks and related systems from the Tank Property. Defendants/Third-Party Plaintiffs then joined the Third-Party Defendants in this case and alleged that other properties owned and/or leased by Third-Party Defendants, including HEB, have also historically dispensed gasoline and diesel hydrocarbon products, have caused and/or contributed to the Bank's alleged damages, including but not limited to the contamination of the soil and groundwater of the Site Property and Tank Property and that such gasoline and diesel constitute a "Solid Waste" for the purposes of RCRA's citizen suit provisions, 42 U.S.C. §6972(a)(1)(B).

30. More specifically, Third-Party Plaintiffs alleged that the following subject area properties owned and/or leased by the Third Party Defendants have caused and/or contributed to the Bank's alleged damages:

    a. Exxon Mobile Corporation - Block 72, West 1/2 of Lot 9 and all of Lot 10, also known as 819 Matamoras, Laredo, Texas;

    b. Flat Rock Land, LLC -Block 72, West '/2 of Lot 9 and all of Lot 10, also known as 819 Matamoras, Laredo, Texas;

    c. Benjamin M. Alexander - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

d. Maureen M. Alexander, M.D. - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

e. Rosalind M. Alexander - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

f. Centro Laredo, Ltd. - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

g. Gail A. Davis - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

h. GML Centro, LLC - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

i. Jessman Properties, Ltd. - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

j. Louise A. Mandel f/k/a Louise Weinfeld, as Trustee for Alan and Adrianna Weinfeld Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

k. Phyllis A. Terry - Block 116, Lot 5, also known as 802 San Bernardo, Laredo, Texas;

l. Greyhound Lines, Inc. - Block 113, Lots 1 & 2, also known as 801 San Bernardo, Laredo, Texas;

m. Peter Randolph Properties, LLC - Block 113, Lots 1 & 2, also known as 801 San Bernardo, Laredo, Texas;

n. Slaughter Realty Company - Block 113, Lots 1 & 2, also known as 801 San Bernardo, Laredo, Texas;

o. Joseph H. Slaughter, III - Block 113, Lots 1 & 2, also known as 801 San Bernardo, Laredo, Texas;

p. Americanos USA, LLC - Block 113, Lot 10, also known as 819 San Bernardo, Laredo, Texas;

q. Raul Properties, Ltd. - Block 120, Lot 1, also known as 901 San Bernardo, Laredo, Texas;

r. Victoria Investment Properties, Inc. - Block 120, Lot 10, also known as 919 Victoria or 919 San Bernardo, Laredo, Texas;

    s. Archangelos, Inc. - Block 121, Lots 6 & 7, also known as 903 Victoria or 918 San Bernardo, Laredo, Texas;

    t. City of Laredo - Block 116, Lot 7, also known as 905 Houston, Laredo, Texas;

    u. City of Laredo - Block 116, Lot 3, also known as 912 Matamoras, Laredo, Texas;

    v. Ramiro Ramirez III & Irma Ramirez - Block 116, Lots 1 & 2, also known as 920 Matamoras, Laredo, Texas

    w. H.E. Butt Grocery Company - Block 58, Lots 6 & 7, also known as 1001 Matamoras or 720 Farragut, Laredo, Texas.

    31. The Bank is a financial institution, and alleges there have been no underground or above-ground storage tanks on the site. The Bank further alleges that contamination by escaped petroleum-based solid waste ("Solid Waste") has resulted from the business operations at the Tank Property now or once owned and/or operated by the Defendants/Third-Party Plaintiffs and which is located north and adjacent to the Bank. The Tank Property, now "Shell Tejano Mart", has active gasoline dispensers, underground petroleum storage tanks, underground lines, and other equipment or material making up an underground storage tank system. At all times relevant to this suit, one or more of the Defendants/Third-Party Plaintiffs owned the gasoline in the underground storage tank system at the Tank Property. The Bank alleges that intermittent and sporadic releases of Solid Waste have allegedly occurred from, and are associated with these tanks, dispensers, underground lines or underground storage tank system on the Tank Property, and have allegedly contaminated the soil and groundwater at the Site. This Solid Waste was allegedly released at, on and under the Tank Property and allegedly migrated to contaminate the Site.

    32. The Bank alleges that ongoing releases of significant amounts of Solid Waste into the soil and groundwater, which is at a shallow depth, from the Tank Property into the

surrounding area, including the Site, may present an imminent and substantial endangerment to both public health or the environment, because of the alleged migratory and toxic nature of such Solid Waste, which allegedly contains numerous constituent materials of environmental concern, including but not limited to: benzene, toluene, ethyl benzene, xylenes, methyl terbutyl ether and total petroleum hydrocarbons. The Bank further alleges that the leaks from the Tank Property have been so substantial that gasoline is allegedly floating on the top of the groundwater, creating allegedly dangerous and hazardous vapors below ground. The Bank further alleges that the alleged threat posed by these explosive and toxic vapors will continue until such renegade Solid Waste and vapors have been removed from the Site and any future petroleum leaks from the Tank Property have been halted, and further migration of solid waste on the Site have ceased.  HEB denies that any solid waste is stored on its property or that any solid waste has migrated from its property to or near the Site.

33. On February_____2011, this Honorable Court signed an Agreed Order Granting Third-Party Defendant HEB Grocery Company, LP's Unopposed Motion For Leave to file this Third-Party Complaint.

34. If it is determined that any solid waste emanated from HEB's property, then Chevron USA, Inc. is liable to HEB for all or part of Third-Party Plaintiffs' claims against HEB because, on information and belief, Gulf Oil Corporation, Chevron USA, Inc.'s predecessor in interest, owned and operated underground storage petroleum tanks and related systems on the property, which dispensed gasoline and diesel hydrocarbon products.  If these hydrocarbon products caused or contributed to cause the Bank's alleged contamination of the soil and underground water of the property made the basis of this lawsuit, then HEB seeks contribution

and indemnity from Chevron USA, Inc., and Chevron USA, Inc. is liable to HEB for all or part of Plaintiff's or Third-Party Plaintiffs' claims against HEB.

### Claim for Contribution and Indemnity

35. HEB denies Third-Party Plaintiffs' allegations that any solid waste, pollutants, gasoline, diesel fuel, hydrocarbons, or other hazardous material emanating from HEB's property in any way caused or contributed to cause the alleged contamination of the Property or Site at issue in this lawsuit. HEB further denies that it is in any way liable to Plaintiff or Third-Party Plaintiffs for any other causes of action asserted against it in this lawsuit. However, in the unlikely event it is determined that any solid waste, pollutants, gasoline, diesel fuel, hydrocarbons, or other hazardous material emanated from HEB's property, then HEB is entitled to join Chevron as a responsible third party and is further entitled to contribution from Chevron toward any liability that may be found to exist from HEB to Third-Party Plaintiffs or Plaintiff as a result of the occurrences giving rise to Plaintiff's or Third-Party Plaintiffs' claims against HEB.

36. This basis for HEB's claim for contribution and indemnity against Chevron is as follows: HEB's occupancy of Block 58, Lots 6 & 7, Laredo, Texas (the "Premises") began in the 1950s. Before that time, Gulf Oil Corporation (Chevron's predecessor in interest) operated a gasoline filling station on these Premises. The filling station was removed prior to HEB's possession or occupancy of the Premises. HEB has not operated any filling station, gasoline dispensing station, or fuel storage unit on the Premises since that time, nor has HEB caused any gasoline, diesel fuel, hydrocarbons, contaminants, solid waste, or hazardous material to be stored or dispensed on the Premises. HEB is not aware of any abandoned fuel storage tanks or fuel dispensing systems located on the Premises at any time since it began occupying the Premises, nor is HEB aware of any contamination of these premises resulting from fuel storage or

dispensing activities. However, in the unlikely event that any of the solid waste or contamination complained of by Plaintiff and Third-Party Plaintiffs is in any way attributable to HEB's premises, then the same was caused by Chevron's improper handling, dispensing, storage, or safeguarding gasoline, diesel fuel, or other materials and Chevron's failure to take proper safeguards to prevent these materials from entering the groundwater and surrounding environment. Accordingly, if any of the contaminants complained of by Plaintiff or Third-Party Plaintiffs originated from HEB's premises, then Chevron was negligent, and this negligence was a cause or contributing cause of the damages and injuries complained of by Plaintiff and Third-Party Plaintiffs.

37. In the unlikely event HEB is found liable for any part of the damages or injuries complained of by Plaintiff and Third-Party Plaintiffs in this lawsuit, HEB is entitled to contribution and indemnity from Chevron USA, Inc. in accordance with the common law and the rules of proportionate responsibility and contribution set forth in Tex. Civ. Prac. & Rem Code §§ 33.001--.017.

## Prayer

WHEREFORE, Third-Party Defendant/Third-Party Plaintiff HEB Grocery Company, LP requests that Third-Party Defendant Chevron USA, Inc., Successor by Merger to Gulf Oil Corporation, be cited and appear herein, for a trial by jury and, upon trial, the following:

a. In the unlikely event Plaintiff or Third-Party Plaintiffs recover against HEB, that HEB have contribution and/or indemnity from Chevron USA, Inc. for the acts and omissions set forth above which caused or contributed to Plaintiff's or Third-Party Plaintiffs' alleged damages;

b. Attorney's fees, litigation expenses, and costs of court;

c. Pre-judgment and post-judgment interest at the highest rate allowed by law; and,

    d.    Such other relief to which HEB may be entitled.

Respectfully submitted,

BAYNE, SNELL & KRAUSE
8626 Tesoro Drive, Suite 500
San Antonio, Texas   78217
Telephone: (210) 824-3278
Telecopier: (210) 824-3937


By:_____/S/_____
Barry Snell
State Bar No. 18789000
David C. "Clay" Snell
State Bar No. 24011309
ATTORNEYS FOR HEB GROCERY
COMPANY, LP

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served upon the following attorneys of record in this matter on this 15th day of February 2011:

                                              /S/
                               David C. "Clay" Snell

| | |
|---|---|
| Donn M. Ianuzi, Assit. City Atty.<br>Kristina Kimberlee Laurel Hale, Lead Atty.<br>City of Laredo<br>1110 Houston<br>Laredo, Texas 78040 | Donald H. Grissom<br>Grissom and Thompson, LLP<br>509 W. 12 St.<br>Austin, Texas 78701 |
| Jason M. Davis<br>Tracy L. McCreight<br>The Davis Group Attorneys and Counselors, P.C.<br>The Weston Centre<br>112 E. Pecan Street, Ste. 777<br>San Antonio, Texas 78205 | Ben A. Donnell, Esq.<br>Kristina Fernandez<br>Donnell, Abernethy & Kieschnick<br>Tower H. Ste. 400<br>555 N. Carancahua Street<br>Corpus Christi, Texas 784001-0817 |
| Johnnie R. Randolph, Jr., Counsel<br>Exxon Mobil Corporation<br>Attorney in Charge<br>800 Bell Street<br>Houston, Texas 77002 | Christopher D. Smith<br>Thompson and Knight<br>98 San Jacinto Blvd., Ste. 1900<br>Austin, Texas 78702 |
| Ted Dalton Lee<br>Gunn Lee Cave, P.C.<br>300 Covent Street, Ste. 1080<br>San Antonio, Texas 78205 | Albert M. Gutierrez, Attorney in Charge<br>Matthew F. Wymer<br>Gutierrez Wymer, P.C.<br>7718 Broadway<br>San Antonio, Texas 78209 |
| John Claiborne Howell<br>Allen Stein Durbin, P.C.<br>6243 IH 10 W, Ste. 700<br>San Antonio, Texas 78201 | Patricia O'Connell Alvarez, Attorney in Charge<br>Keith A. Kendall, of Counsel<br>The Alvarez Law Firm, P.C.<br>415 Shiloh Drive, Ste. A<br>Laredo, Texas 78045 |

Richard D. O'Neil
J. Mark Craun
Davidson and Troilo, P.C.
7550 West IH-10, Ste. 800
San Antonio, Texas 78229

Richard E. Sames
David L. Reuthinger, Jr.
Sames & Werstak, LLP
6721 McPherson Road, Ste. 360
Laredo, Texas 78041

Donato D. Ramos
Law Offices of Donato D. Ramos, LLP
6721 McPherson Road, Ste. 350
Laredo, Texas 78041

Marc S. Jacobs
Mark A. Huvard
Harberg Huvard and Jacobs Wadler, LLP
2100 West Loop South, Ste. 110
Houston, Texas 77027

Jose Luis Castillo
Hernandez Castillo, PC
809 Victoria, Ste. 201
Laredo, Texas 78040

Adan A. Gonzalez, III
Jones, Gonzalez & Maddox, An Association
5601 San Dario, Ste. 5
Laredo, Texas 78041